# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VEDA PRYOR | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-2653 |
| | * | |
| PRINCE GEORGE'S COMMUNITY | * | |
| COLLEGE | * | |

******

## MEMORANDUM

Plaintiff, who is self-represented, has instituted this action against Prince George's Community College ("PGGC"), asserting various claims of discrimination arising out of her time as a student at PGGC. Defendant has filed a motion for summary judgment. Plaintiff has responded to the motion. The motion will be granted.

The reasons that judgment must be entered against plaintiff may be briefly stated. First, insofar as plaintiff's claim for disability discrimination is concerned, although plaintiff does suffer from a disability, the record is undisputed that she did not initially document her disabilities and that, both before and after her disabilities were documented, her disability was accommodated.

Second, plaintiff's age discrimination claim fails because she did not exhaust her administrative requirements. Apparently, plaintiff believes that she has filed her claim under the Age Discrimination in Employment Act. She has not, however, done so since her claim is not for discrimination in employment. Rather, her claim is under the Age Discrimination Act of 1975, which unquestionably requires exhaustion of administrative remedies before the filing of

suit.  Moreover, plaintiff has cited nothing in the record to substantiate that she was discriminated against because of her age.

Plaintiff's claim for race discrimination likewise fails.  First, plaintiff has cited no facts that would permit imputing to PGGC the alleged actions of discrimination of PGGC's employees.  Second, plaintiff has cited nothing in the record to support any claim of race discrimination.  Her only assertion is that the employees who allegedly discriminated against her were white and that she is African-American.  Self-evidently, that is an insufficient basis for a claim for discrimination.

Finally, to the extent that plaintiff asserts a claim for breach of the resolution agreement into which she entered with PGGC, the claim fails because although PGGC did fail to communicate in writing its offer to change her Spring 2011 grades to "incomplete," PGGC undisputably made the offer orally.

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date:   May 15, 2013            __/s/_____
                                J. Frederick Motz
                                United States District Judge